In re Juan Manuel VALDES, Debtor.

**Barney D. FLETCHER, Personal Representative of the Estate of John H. Posey and Barney Fletcher, David Fletcher and Conchita Victor, Individually, Plaintiffs,**

v.

**Juan Manuel VALDES, Defendant.**

Bankruptcy No. 88–487–8P7.
Adv. No. 88–133.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 15, 1989.

Shirley C. Arcuri, Tampa, Fla., for Barney D. Fletcher, Personal Representative of the Estate of John H. Posey and Barney Fletcher, David Fletcher and Conchita Victor, Individually, plaintiffs.

Brian J. Almengual, Tampa, Fla., for Juan Manuel Valdes, defendant.

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the immediate matters under consideration are cross-Motions for Summary Judgment filed by Barney D. Fletcher, Personal Representative of the Estate of John H. Posey, and Barney Fletcher, David Fletcher and Conchita Victor, Plaintiffs in the above-captioned adversary proceeding, and by Juan Manuel Valdes, Debtor/Defendant. Both parties filed their Motions for Summary Judgment with respect to Counts I and II of a three-count Complaint filed by Plaintiffs against the Defendant. The claims in Counts I and II are based on § 523(a)(4) and (a)(6) of the Bankruptcy Code.

The following facts which are undisputed were established at the hearing on the cross-Motions for Summary Judgment and are as follows.

Juan Manuel Valdes (Debtor) was named an heir and personal representative of John Howard Posey under a will signed and executed by Posey dated May 7, 1986. Immediately following Posey's death, the Debtor filed in the Circuit Court of Hillsborough County a Petition for Administra-

tion (Plaintiff's Exh. No. 2) which listed George D. Fletcher, David Fletcher, Conchita Fletcher Jones and Barney D. Fletcher as beneficiaries under the will. The Petition further indicated that the Debtor as Personal Representative of the estate estimated the value of Posey's estate to be approximately $60,000. On October 30, 1986, the Debtor filed a Notice of Administration which contained the following language:

"All interested persons are required to file with this Court within three months of the first publication of this notice: (1) all claims against the estate and (2) any objection by an interested person on whom this notice was served that challenges the validity of the will, the qualifications of the personal representative, venue or jurisdiction of the Court."

Thereafter, Debtor filed an inventory of the estate listing the real estate owned by the decedent Posey at a value of $46,000 and a 1984 Ford LTD automobile at a value of $8,000 (Plaintiff's Exh. No. 4). A publisher's affidavit was also filed indicating the first publication of the Notice of Administration on November 7, 1986 (Plaintiff's Exh. No. 5). On December 5, 1986, Debtor gave a Personal Representative's Distributive Deed selling the decedent's real estate for $46,000 (Plaintiff's Exh. No. 6).

On January 12, 1987, a Petition for Revocation of Probate of Will was filed by David Fletcher, Conchita Victor and Barney Fletcher, the Plaintiffs herein (Plaintiff's Exh. No. 7). By Order of the Probate Court dated June 12, 1987, Valdes was ordered to render an interim accounting to the beneficiaries and directed not to make any disbursements from the estate without consultation with his attorney and the attorney for the beneficiaries under Posey's will. On October 2, 1987, an Order was entered, granting the Plaintiff's Petition to Revoke Probate (Plaintiff's Exh. No. 10).

It further appears that the Posey will was admitted to probate and Barney Fletcher, one of the Plaintiffs herein, was appointed personal representative (Plaintiff's Exh. Nos. 12 and 14). On November 7, 1987, Barney Fletcher as Personal Representative instituted a Petition to Surcharge the Former Personal Representative, the Debtor, on the basis that the Debtor had depleted the cash in the estate from $60,000 to $88.39. The Petition sought the imposition of a constructive trust on the Debtor's real property based upon the allegation that the Debtor used funds of the estate for repairs on his home. It appears that on December 29, 1987, the Probate Court issued a Temporary Injunction directing the Debtor not to dispose of his interest in his real property and further directing the Debtor not to encumber the real property or the vehicle which was part of Posey's estate, the court having found that the Debtor had previously encumbered the vehicle by granting a $1,500 lien to be placed on it.

It further appears that pursuant to the sale of the real property of the Posey estate, the Debtor deposited $51,073.10 into the estate's banking account. It is without dispute that the Debtor made withdrawals from the estate's banking account for the payment of the Debtor's household expenses including groceries, cable TV, home mortgage payments and insurance. It also appears that the Debtor used some of the withdrawals and gave "gifts" such as $500 to his son, Richard A. Valdes (Check No. 111); $700 to Armando Valdes; $500 to Albert Valdes (Check No. 135); $1,500 to Armando Valdes (Check No. 137); $410 to A.M. Valdes (Check No. 156).

Based on these undisputed facts, it is the Plaintiffs' contention that the Debtor as the personal representative of the Posey estate owed a fiduciary duty to the beneficiaries which he breached by the depletion of the assets of the estate and, therefore, any debt which is owing to the Plaintiffs from the Debtor as a result of the alleged breach of duty should be declared nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code. In addition, the Plaintiffs contend that the above-described willful and malicious conduct of the Debtor renders the alleged debt owed by the Debtor to the Plaintiffs nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

In his Motion for Summary Judgment, the Debtor contends that based on the undisputed facts he is entitled to judgment as a matter of law that any liability which may be attributed to him as a result of his above-described conduct should be declared dischargeable because the Debtor was not a fiduciary vis-a-vis the beneficiaries as contemplated by § 523(a)(4) of the Bankruptcy Code and because the facts reveal that the Debtor lacked the requisite intent necessary to make out a § 523(a)(6) claim. The basis for the Debtor's contentions is first that there was no express trust created between the Debtor and the beneficiaries, and that, therefore, a claim based on § 523(a)(4) can not be sustained. The Debtor also contends that he believed he had the authority to use the estate's funds and, therefore, he lacked the willful intent required to make out a claim of nondischargeability based on § 523(a)(6) of the Bankruptcy Code.

§ 523(a)(4) of the Bankruptcy Code excepts from discharge any debt

"for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

§ 523(a)(6) of the Bankruptcy Code excepts from discharge any debt

"for willful and malicious injury by the debtor to another entity or to the property of another entity."

█ It is well established that the fiduciary duty contemplated by § 523(a)(4) must be owed to the claimant and must exist prior to and independent of the alleged misconduct. *In re Cross*, 666 F.2d 873 (5th Cir.1982) A state statute may create a fiduciary relationship for purposes of § 523(a)(4) of the Bankruptcy Code. A personal representative in a probate proceeding is a fiduciary based upon Florida Statute § 733.602. The personal representative has the same fiduciary standard of care applicable to trustees of an express trust under Florida law (Section 733.602). *In re Estate of O.M. Wilson,* 116 So.2d 440 (2nd DCA 1959); *Campbell v. Owen,* 132 So.2d 212 (2nd DCA 1961). While the Debtor urges that he did not intentionally dissipate the funds of Posey's estate and that there was no prohibition against the use of the funds for his personal expenses, this Court is satisfied that his defense must fail for the following reasons. No intentional diversion of funds is required in order to determine that a debt for fraud or defalcation while acting in a fiduciary capacity is nondischargeable. *In re Gagliano,* 44 B.R. 259 (Bkrtcy.1984). The court in Gagliano stated that:

There is no support for the argument that the creditor has the burden of proving wrongful intent by the debtor as an element of defalcation ... subjective intent to violate a fiduciary duty is irrelevant in the determination of defalcation for dischargeability purposes.

Further, defalcation may exist where the Debtor has misapplied funds held by him as a fiduciary under the belief that he is authorized to do so. *In re Myers,* 52 B.R. 901 (Bkrtcy.1985).

This Court is satisfied that based on the foregoing authorities, it is irrelevant that the default by the fiduciary Debtor was innocent. It is clear that the word "defalcation" is a more encompassing term than fraud and does not require intent as is the case with proving fraud. For these reasons, this Court is satisfied that the Debtor's use of the estate's funds to pay personal expenses and to make loans to various individuals, facts which are uncontested, at the minimum was improper and any liability on the Debtor's part resulting from this improper conduct should be declared to be nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.

█ As to the claim in Count II which is based upon § 523(a)(6) of the Bankruptcy Code, this Court is satisfied the Defendant's Motion for Summary Judgment should be granted as there is no evidence to support a claim of nondischargeability pursuant to § 523(a)(6).

A separate Final Judgment shall be entered in accordance with the foregoing.