In re Bernard Oscar JOHANN, Debtor.

Valerie J. HALL, as Trustee for Time-sharing Services, Inc., Plaintiff,

v.

Bernard Oscar JOHANN, Defendant.

Bankruptcy No. 89–03555–BKC–3P7.
Adv. No. 90–70.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 3, 1991.

Ronald Bergwerk, Jacksonville, Fla., for defendant.

Chester J. Trow, Ocala, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the court upon complaint of Valerie J. Hall, as Trustee for Timesharing Services, Inc., seeking exception to discharge pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). A trial was held on February 12, 1991, and upon the evidence presented the Court enters the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

Defendant was the president, sole stockholder and managing officer of Timesharing Services, Inc. (TSI). On October 4, 1988, TSI filed a chapter 11 petition which was later converted to a case under chapter 7.

On October 14, 1988, the Court entered an order in this case providing in paragraph 2:

The debtor-in-possession is authorized, subject to the control of the Court, to operate its business and manage its property, and to employ, discharge, fix the salaries and compensations of all managers, agents, and employees, except salaries and compensation of the debtor or its attorneys, officers, directors, and stockholders, whose compensation shall be determined by the Court; however, the debtor-in-possession may separately request authorization to pay its employees' wages for the pay period immediately preceding the petition.

TSI subsequently filed an application to pay the salary of the defendant officer. After a hearing the application was denied.

Despite the Court's order of October 14, 1988, and between November 23, 1988, and January 27, 1989, TSI issued salary checks to the defendant totalling $9,526.66. The defendant knew that the debtor-in-possession needed court authority to compensate any corporate officer, including himself, and was charged with notice of such obligation under the October 14, 1988, order.

X–Stor Corporation was organized after TSI filed bankruptcy by defendant's wife, Betty Jean Johann. She is the principal officer, director, and stockholder of this corporation.

Post-petition the defendant, as debtor-in-possession, accepted a purchase order from X–Stor Corporation. The agreement dealt with the delivery of computer items over three years and provided that "if Timesharing Services, Inc. is not able to deliver, TSI will furnish X–Stor a list of manufacturers and sufficient documentation for X–Stor to complete the order."

TSI defaulted on delivery and, pursuant to the agreement, provided suppliers and manufacturers with documentation enabling them to produce the materials and technology for sale to X–Stor. It was the normal course of business for TSI to sell such items directly to consumers and not to others for re-sale.

Since conversion of the case to chapter 7, defendant has maintained an office at X–Stor Corporation and has consulted for his wife regarding the sale and marketing of the items her corporation purchased under the agreement.

The two issues which the court must adjudicate are 1) whether the $9,526.66 salary paid to the defendant constitutes a non-dischargeable debt under § 523(a)(4) and (a)(6) and 2) whether the transfer of the documentation from TSI to the suppliers and manufacturers created a non-dischargeable debt under § 523(a)(4) and (a)(6).

### Conclusions of Law

The exceptions to discharge outlined in § 523 are designed to prevent the debtor from avoiding, through bankruptcy, the consequences of wrongful conduct.

11 U.S.C. § 523(a)(4) provides in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....

█ This Court has defined defalcation as a failure to account for money or property that has been entrusted to another. *NesSmith Electric Co., Inc. v. Kelley (In re Kelley)*, 84 B.R. 225, 230 (Bankr.M.D. Fla.1988). The scope of the term is broader than embezzlement or misappropriation and is governed by an objective standard, vitiating the need for a showing of bad faith or intent. *Id.*

█ The debtor-in-possession is the trustee of a statutory trust, consisting of the estate property, with a fiduciary duty

to account for it under §§ 704(2), 1106(a)(1), and 1107(a). As an officer, the defendant was the agent of the corporate debtor with a fiduciary duty to the debtor-in-possession and its creditors. *Woodworking Enterprises, Inc. v. Baird (In re Baird)*, 114 B.R. 198, 205 (9th Cir. BAP 1990); *In re Lowry Graphics, Inc.*, 86 B.R. 74 (Bankr.S. D.Tex.1988); and *Sun Life Insurance Co. of America v. Koszuth (In re Koszuth)*, 43 B.R. 104 (Bankr.M.D.Fla.1984).

█ This Court has recognized that for purposes of dischargeability, embezzlement is defined as " 'the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' " *NesSmith Electric Co., Inc. v. Kelley (In re Kelley)*, at 231 (quoting *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895)). Although embezzlement does not require a showing of a fiduciary relationship, the plaintiff must prove fraud or fraudulent intent. *Id.*

Section 523(a)(6) provides in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

█ Willful and malicious injury under § 523(a)(6) includes conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights. *In re Van Loan*, 114 B.R. 760, 762 (Bankr.M.D.Fla.1990). An intentional act which causes injury and is without just cause is sufficient grounds for a willful and malicious injury even where no showing of specific intent is made. *Id.*

### I. Salary Issue

█ The unauthorized withdrawal of $9,526.66 by the defendant for his personal compensation was both a defalcation and an embezzlement within the meaning of

§ 523(a)(4), as well as a conversion within the meaning of § 523(a)(6).

### II. Purchase Order Issue

■■■ Proprietary rights, materials, and technology related to computer software are all included within the § 541(a)(1) definition of estate property. *In re Inslaw, Inc.*, 83 B.R. 89, 165 (Bankr.Dist.Col.1988), *aff'd on other grounds*, 113 B.R. 802 (Bankr.Dist.Col.1989). Accordingly the transfer of the computer related documentation from TSI to the suppliers and manufacturers constituted a transfer of estate property out of the ordinary course of business. Such transfer was made by defendant without the benefit of either notice or a hearing, as required under § 363(b)(1) and Bankruptcy Rule 6004.

The transfer was an embezzlement because the defendant intended to fraudulently transfer estate property entrusted to him for his personal benefit.

As the debtor-in-possession the defendant was trustee of the property and had a fiduciary duty to account for it. The transfer out of the ordinary course of business violated this duty.

When the defendant entered into the agreement with his wife's company he did so primarily to ensure that he could reap the benefits of the transfer of the estate property. Through "consulting fees" and the new income to his wife, defendant did indeed benefit from the transfer. Defendant converted the property of the estate to his own use in violation of § 523(a)(6).

Pursuant to 11 U.S.C. § 523(a)(4) and (a)(6), the debt of $16,000.00 based on the purchase order and the debt of $9,526.66 based on the unauthorized salary are excepted from defendant's discharge. A separate Final Judgement in favor of plaintiff will be entered.