**In re William F. RICO and Julie Rico, Debtors.**

**CAVALEAR INS. AGENCY, INC., Plaintiff,**

**v.**

**William F. RICO and Julie Rico, Defendants.**

**Bankruptcy No. 90–33785.**
**Adv. No. 91–3030.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 15, 1991.

Martin J. Holmes, Scott A. Winckowski, Toledo, Ohio, for plaintiff.

Mark R. Elliott, David W. Zoll, Toledo, Ohio, for defendants.

### OPINION AND ORDER EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon plaintiff's brief in support of complaint to except a debt due it from discharge pursuant to 11 U.S.C. § 523(a)(4) and debtor Julie Rico's memorandum in opposition thereto. Upon consideration of the record herein, the court finds that the debt due plaintiff should be excepted from discharge.

### FACTS

On October 30, 1990, Debtors/defendants filed their voluntary petition under chapter 7 of title 11. Thereafter, on January 28,

1991, plaintiff filed a complaint, although captioned objecting to discharge, to except a debt due it from discharge pursuant to 11 U.S.C. § 523(a)(4). The parties have stipulated to the following facts:

1. That Julie L. Rico began her employment for Cavalear Insurance Agency, Inc. on October 15, 1983.

2. Julie L. Rico's duties as of that time were as a receptionist, and she had responsibilities of typing policies and rating policies, posting checks and answering the telephone.

3. On or about August 11, 1989, Julie L. Rico entered into an employment agreement with Cavalear Insurance Agency, Inc. as clerical staff employee.

4. Julie L. Rico's responsibilities were the typing of checks, receiving and organizing bank statements, cancelled checks and the organization of paying monthly bills.

5. Julie L. Rico had control of a signature stamp with the authorizing signature of William G. Hummer, Vice–President/Treasurer.

6. That from January 19, 1987 through November 20, 1989, Julie L. Rico used the signature stamp solely within her control of William G. Hummer, to issue checks made payable to Julie L. Rico.

7. That Julie L. Rico presented these checks to her personal banking accounts.

8. That Julie L. Rico issued these checks to herself without the authorization of any of the owners or authorized personnel of Cavalear Insurance Agency, Inc.

9. That upon receiving the cancelled checks which were issued solely to Julie Rico, she would discard and destroy the cancelled checks which were intended to be included in the monthly statement package to plaintiff's accountant.

10. That Julie L. Rico did not itemize any of such checks written to her on her W–2 income tax form for the years in which these payments were made.

11. That the aggregate amount of these checks totaled $538,805.88.

12. That at the time which she issued such checks to herself, Julie L. Rico had been paid all monies that were due her by Cavalear Insurance Agency, Inc. for any bonus or any other employment during that period of time.

Agreed upon Statement of Facts (October 2, 1991).

Plaintiff maintains that Debtor/defendant Julie L. Rico's actions constitute embezzlement, pursuant to 11 U.S.C. § 523(a)(4) as she issued, cashed and concealed checks written to herself from plaintiff's funds. In support of these allegations, plaintiff has submitted the deposition of Ms. Rico. Ms. Rico responds that she was not acting in a fiduciary capacity when she committed these actions.

## DISCUSSION

As stated, although plaintiff's complaint is entitled "objecting to discharge", its cause of action is premised upon 11 U.S.C. § 523(a)(4) which "does not discharge an individual Debtor from any debt * * * (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." Plaintiff has the burden of establishing the elements of § 523(a)(4) by a preponderance of the evidence. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The basic elements of establishing an exception to discharge for embezzlement are "that property is acquired lawfully with the consent of the owner, the property is appropriated for the embezzler's own use, and some form of fraud or deceit is employed." *In re Sinchak,* 109 B.R. 273, 276 (Bkrtcy. N.D.Ohio 1990). *See also In re Johann,* 125 B.R. 679 (Bkrtcy.M.D.Fla.1991) (embezzlement is defined as the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come (quotation omitted)); *In re Valentine,* 104 B.R. 67 (Bkrtcy.S.D.Ind.1988) (for purpose of determine dischargeability, embezzlement is defined as fraudulent, or knowing and willful, misapplication or conversion of property of another by a person to whom such property has been entrusted or into whose

hands it has lawfully come). Thus, the elements necessary for proving embezzlement are:

(1) property of another was entrusted to the Debtor;

(2) the Debtor appropriated the property for a use other than that for which it was entrusted; and

3) the circumstances indicate fraud.

*In Re Burgess*, 106 B.R. 612, 621, 12 C.B.C.2d 1310 (Bkrtcy.D.Neb.1989) (citation omitted). *See also In Re Imbody*, 104 B.R. 830, 841 (Bkrtcy.N.D.Ohio 1989) (embezzlement has been held to require two elements which must be proven: (1) that the Debtor appropriated funds for his own benefit and (2) that the Debtor did so with fraudulent intent or deceit).

■ In the instant situation, Ms. Rico's responsibilities as an employee of plaintiff included numerous accounting functions. *See* supra p. 880–81 (agreed statement of facts). To that end, Ms. Rico was authorized to draft checks and to use a signature stamp in cashing checks. *Id.* at 881. Thus, Ms. Rico, lawfully and with plaintiff's consent, acquired control over plaintiff's funds. These unauthorized checks totaled ·$538,805.88. *Id.* Ms. Rico used these funds to travel and to purchase · clothes and jewelry, thus appropriating the funds for her personal use. Deposition of Julie L. Rico of March 26, 1991 at 126 (September 17, 1991). Ms. Rico testified that the bank statements and accompanying cancelled checks were delivered to her, only. *Id.* Upon receipt of this package, Ms. Rico would sort out the checks she had written to herself, discarding and destroying same. *See supra* p. 881. Finally, Ms. Rico would deduct the checks that she wrote to herself off the cash sheets and not post these checks on the ledger account. Deposition transcript at 117–18. Ms. Rico's conduct evidences fraud and deceit. *See Johann*, 125 B.R. at 681 (unauthorized withdrawal by defendant for personal compensation was both a defalcation and an embezzlement within § 523(a)(4)).

■ Ms. Rico asserts that plaintiff's cause of action for embezzlement must fail as plaintiff cannot establish that Ms. Rico acted in a fiduciary capacity. This defense is without merit, as the element of fiduciary capacity modifies fraud or defalcation, and is not applicable to embezzlement. *Sinchak*, 109 B.R. at 276 (citation omitted). *See also Imbody*, 104 B.R. at 840 (the phrase while acting in a fiduciary capacity modifies words fraud or defalcation and not terms embezzlement or larceny, which are actionable regardless of whether Debtor was a fiduciary). The court finds that plaintiff has carried its burden of proof establishing that the debt due it resulted· from Ms. Rico's embezzlement, as defined in 11 U.S.C. § 523(a)(4).

Plaintiff's complaint was filed against William and Julie Rico. However, based upon the record herein, the court finds not only that plaintiff has failed to assert and support a cause of action against William Rico, but that plaintiff improperly named William Rico as a defendant. The court will, then, pursuant to Bankruptcy Rule 7021 and Rule 21 Fed.R.Civ.P., "drop" William Rico from plaintiff's complaint. In light of the foregoing, it is therefore

ORDERED that defendant William F. Rico be, and hereby is, dismissed from plaintiff's complaint. It is further

ORDERED that the debt owed plaintiff from defendant Julie L. Rico be, and hereby is, excepted from discharge.