**In re Henry L. BUTTS and Willie Mae Butts, Debtors.**

**CINCINNATI INSURANCE COMPANY, Plaintiff,**

v.

**Henry L. BUTTS and Willie Mae Butts, Defendants.**

**Bankruptcy No. 90–2926–BKC–3P7.**
**Adv. No. 90–267.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 21, 1992.

Elizabeth A. Green, Orlando, Fla., for plaintiff.

Burke Chester, Daytona Beach, Fla., for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF
LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the court upon complaint of Cincinnati Insurance Company seeking to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(4). On June 3, 1991, the Court entered an order finding that defendants had committed a defalcation and granting summary judgment as to liability under § 523(a)(4). A trial on the issue of damages was held on March 12, 1992, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## Findings of Fact

On January 25, 1983, defendants were appointed the guardians of the person and property of Deborah Lynn Butts, an incompetent minor. The proceeds of $1,070,-000.00 from a personal injury action filed on behalf of Deborah Lynn Butts, were deposited into the guardianship estate.

On February 7, 1985, plaintiff provided defendants with a $1,100,000.00 surety bond.

On December 17, 1987, the Florida Probate Court entered an order finding that the guardians' accounting for the year 1988 showed substantial disbursements and expenditures from the guardianship funds without court authorization and that cash assets of the guardianship estate had been reduced in one year by $402,621.37.

On January 21, 1988, the Probate Court removed defendants as guardians and appointed Dwight H. Chamberlin as Guardian Ad Litem.

The Guardian Ad Litem upon investigation discovered that the assets of the guardianship estate had been depleted, leaving few if any funds to support the minor child.

Defendants expended many of the guardianship funds without court approval, including the purchase of four parcels of land, three of which were titled in the name of Butts Temple Church of God in Christ; in excess of $500,000.00 used to operate various businesses; and unsecured loans to third parties which were never repaid. Defendants entered into the various transactions believing that the money was theirs to use as they pleased.

On March 18, 1988, the Guardian Ad Litem demanded that plaintiff pay the guardianship estate $1,100,000.00, the penal sum of the bond.

On January 31, 1989, the Probate Court entered an order finding that defendants, as co-guardians, had failed to protect and preserve the guardianship funds and to truly and faithfully execute their duties under the law. The Court approved the Settlement Agreement and Release and Assignment entered into between plaintiff and the new guardianship and ordered plaintiff to pay $1,002,308.87 to the guardianship estate.

Plaintiff then sued defendants in state court to recover the funds expended under the surety bond. The state court entered a $1,070,843.70 judgment against the defendants on December 7, 1989. The judgment included attorney's fees.

On July 25, 1990, defendants filed a chapter 7 petition for relief, listing plaintiff as a creditor.

## Conclusions of Law

■ The exceptions to discharge outlined in § 523 are designed to prevent the debtor from avoiding, through bankruptcy, the consequences of wrongful conduct. A creditor seeking to except a debt from discharge bears the burden of proof as to each particular element through a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The instant case involves a claim of non-dischargeability under § 523(a)(4) which provides in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....

■ On June 3, 1991, the Court entered an order stating that plaintiff had standing to bring a complaint under § 523(a)(4) and granting plaintiff's Motion for Summary Judgment as the liability issue. Thus, having found that the requirements of § 523(a)(4) have been met, the only issue remaining to be determined is the amount of the debt that is to be excepted from defendants' discharge.

As a result of the defendants' defalcation, plaintiff was ordered to pay on the surety bond and incurred attorney's fees. These damages are evidenced in the December 7, 1989, judgment the state court issued in favor of plaintiff and against defendants. Accordingly, plaintiff is entitled to an award of the damages it sustained as a result of defendants' failure to account

for money or property that had been entrusted to them. *In re Johann*, 125 B.R. 679, 681 (Bankr.M.D.Fla.1991); *In re Kelley*, 84 B.R. 225, 230 (Bankr.M.D.Fla.1988). *See also, Klingman v. Levinson*, 831 F.2d 1292, 1296–97 (7th Cir.1987).

The liability of defendants to plaintiff as a result of the defalcation is non-dischargeable under § 523(a)(4), and the judgment debt in amount of $1,070,843.70 shall be excepted from defendants' discharge. *In re Valdes*, 98 B.R. 78, 80 (Bankr.M.D.Fla. 1989).

A separate Judgment finding in favor of plaintiff and against defendants will be entered.