**In re Kevin K. SMALLEY, Tina M. Smalley, Debtors.**

**Kevin K. SMALLEY, et al., Plaintiffs,**

**v.**

**DEVRY INSTITUTE OF TECHNOLOGY, INC., et al., Defendants.**

**Bankruptcy No. 94–32657.
Adversary No. 95–3077.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 31, 1996.

James Hitchcock, Defiance, OH, for Plaintiffs.

H. Buswell Roberts, Toledo, OH, for Defendant United Student Funds, Inc.

Ellisa Taylor, Toledo, OH, for Defendant Devry Institute of Technology, Inc.

**OPINION AND ORDER DISMISSING COMPLAINT TO DETERMINE DISCHARGEABILITY, DISMISSING TINA M. SMALLEY FROM ADVERSARY PROCEEDING, EXCEPTING DEBTS FROM DISCHARGE, AND GRANTING UNITED STUDENT AID FUNDS JUDGMENT ON COUNTERCLAIM**

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Debtors'/plaintiffs Kevin K. Smalley (the "Debtor") and Tina M. Smalley's ("TMS") adver-

sary complaint which seeks to discharge the Debtor's educational loan debts to Devry Institute of Technology, Inc. ("Devry") and United Student Aid Funds, Inc. ("USAF") pursuant to 11 U.S.C. § 523(a)(8) to which Devry and USAF have filed an answer. USAF has also filed a counterclaim, seeking judgment on the Debtor's debt to USAF in the amount of $34,096.35 plus interest. Based on the evidence adduced at the hearing on this matter, the Court finds that TMS, who is misjoined as a plaintiff in this adversary, should be dismissed from plaintiffs' adversary complaint. The Court further finds that the Debtor's complaint is not well taken and should be dismissed. Moreover, the Court finds that the Debtor's educational loan debt to Devry, in the amount of $4,900.00 plus interest, and his educational loan debt to USAF, in the amount of $34,-096.35 plus interest, should be excepted from discharge. Lastly, the Court finds that USAF should be granted judgment on its counterclaim in the amount of $34,096.35 plus interest at the contract rate.

## FACTS

The Debtor is 37 years old and in good health.

The Debtor and TMS divorced on March 21, 1995. They have two children, ages two and six. Neither of the two children has serious health problems.

In June of 1994, the Debtor graduated from Devry with a 3.82 grade point average, majoring in accounting. He was unemployed on the date that the Court heard the instant adversary proceeding.

On October 24, 1994 (the "Petition Date"), the Debtor and TMS filed a joint bankruptcy petition under chapter 7 of title 11. The Debtor and TMS filed the instant adversary complaint on April 5, 1995.

After graduation and prior to accepting a full-time accounting position with Omnisource Corp. in August, 1995, the Debtor earned between $7.00 and $10.00 per hour in various temporary accounting positions.

On August 7, 1995, the Debtor obtained a full-time accounting position at Omnisource Corp. where his starting salary approximated $22,500.00 per year. The Debtor attained an annual income of $25,000.00 before he was recently laid-off by Omnisource. His net pay approximated $968.00 per month after deductions for his child support obligations.

The Debtor's testimony indicated that he believed that he could achieve the level of earnings which he previously attained at Omnisource sometime in the near future. Further, the Debtor testified that he is capable of increasing his earning capacity by passing the Certified Public Accountant Examination. The Debtor testified that he is capable of passing such an examination, though he would be required to expend his own funds for an examination review course.

The Debtor provided the Court with a schedule of his monthly expenses which roughly approximated the $1,094.00 monthly net pay he received while employed at Omnisource. *See* Plaintiff's Exhibit 2. Except for the Debtor's scheduled expense for cable television, the Court finds such expenses to be reasonable.

While the Debtor has no alimony obligation, he has a monthly child support obligation of $367.00. In addition, the Debtor testified that, because his ex-wife utilizes the Debtor's monthly child support payments to pay her rent and utilities, he also furnishes his children with necessities such as clothing. He further testified that, prior to terminating employment with Omnisource, he was seeking to obtain health insurance for his children.

In addition to his student loan debts, the Debtor had approximately $14,000.00 in credit card debts which were discharged in this bankruptcy case.

The Debtor has previously obtained payment deferments from USAF and Devry. He has not made any payments on his student loan debt.

The Debtor reaffirmed his debts to Beneficial, incurred in purchasing a computer, and to Sears, incurred in purchasing a VCR, despite the fact that these entities are not extending the Debtor credit postpetition.

The Debtor acknowledges that the debts owed to USAF and Devry are educational

loans. The Debtor's debt to USAF arose from loans obtained under the Stafford Loan program and the Supplemental Loans for Students program. The Debtor's debt to Devry arose under the Perkins Loan program.

### DISCUSSION

### APPLICABLE STATUTE

Section 523(a)(8) provides, in relevant part, that a discharge under § 727 does not discharge an individual debtor from a debt for:

> an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—
>
> > ... (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]

11 U.S.C. § 523(a)(8).

### BURDEN OF PROOF

■ The Debtor bears the burden of proof on the issue of "undue hardship" by the preponderance of the evidence. *Healey v. Massachusetts Higher Educ. (In re Healey)*, 161 B.R. 389, 393 (E.D.Mich.1993). Devry and USAF bear the burden of proof on all other issues. *Healey*, 161 B.R. at 393–94.

### WHETHER THE DEBTOR'S LOANS REPRESENT EDUCATIONAL LOANS MADE UNDER A PROGRAM FUNDED IN WHOLE OR IN PART BY A GOVERNMENTAL UNIT OR NONPROFIT INSTITUTION

The Debtor admits that his debts to USAF and Devry represent educational loans. Further, the Debtor's student loans under the Perkins, SLS and Stafford loan programs were "funded in whole or in part by a governmental unit or nonprofit institution". 11 U.S.C. § 523(a)(8); *cf. Andrews University v. Merchant (In re Merchant)*, 958 F.2d 738, 740 (6th Cir.1992) (finding that university "funded" student loans where university processed and submitted debtor's student loan application to lender, lender had full recourse against university on default, and university's participation in loan program was "crucial" to debtor's receiving educational loan); *HEMAR Service Corp. of America, Inc. v. Pilcher (In re Pilcher)*, 149 B.R. 595, 598 (9th Cir. BAP 1993) (examining whether "program", rather than particular loan, was funded by nonprofit institution).

### WHETHER REPAYMENT OF THE NOTES IMPOSES AN "UNDUE HARDSHIP" ON THE DEBTOR OR HIS DEPENDENTS

■ The Court cannot conclude that the Debtor's obligations to USAF or Devry impose an "undue hardship" on the Debtor or his dependents.

■ The determination of whether a student loan represents an "undue hardship" cannot be equated with "the application of [an] algebraic equation". *Moorman v. Commonwealth of Kentucky, Higher Education Assistance Authority (In re Moorman)*, 44 B.R. 135, 137 (Bankr.W.D.Ky.1984). Nevertheless, the Sixth Circuit has recently set forth certain objective criteria in the context of examining the dischargeability of a Health Education Assistance Loan under 42 U.S.C. § 292f(g). *Rice v. United States (In re Rice)*, 78 F.3d 1144, 1149–50 (6th Cir.1996). While the "unconscionability" standard applied by courts in the context of 42 U.S.C. § 292f(g) represents a much more exacting standard than that applied by courts in determining dischargeability under § 523(a)(8), the Court finds the objective criteria identified by the *Rice* court to be equally applicable in the context of § 523(a)(8).

The *Rice* court adopted a "totality of the facts and circumstances" approach, 78 F.3d at 1149, stating that:

> the bankruptcy court should be guided principally by such objective factors as the debtor's income, earning ability, health, educational background, dependents, age, accumulated wealth and professional degree. (Citations omitted). Of course, the court should consider the amount of the debt ... as well as the rate at which interest is accruing. We also believe that the court

should examine the debtor's claimed expenses and current standard of living, with a view toward ascertaining whether the debtor has attempted to minimize the expenses of himself and his dependents. (Citations omitted).... As part of its examination, the court should further determine whether the debtor has attempted to maximize his income by seeking or obtaining stable employment commensurate with his educational background and abilities. (Footnote omitted).... If the debtor has dependents, the court should consider whether they are, or could be, contributing financially to their own support.

*Rice,* 78 F.3d at 1149–50.

Further, "the court should examine whether, and to what extent, the debtor's current situation is likely to continue or improve." *Rice,* 78 F.3d at 1149 (citation omitted).

Lastly, the "debtor's good faith [is] an appropriate and necessary consideration." *Rice,* 78 F.3d at 1150 (citation omitted). On this score, the Sixth Circuit stated that:

the court should examine the debtor's previous efforts to repay the [student loan], including the debtor's financial situation over the course of time when payments were due; the debtor's voluntary undertaking of additional financial burdens despite his knowledge of his outstanding [educational] debt; and the percentage of the debtor's total indebtedness represented by student loans.

*Rice,* 78 F.3d at 1150.

Undoubtedly, the Debtor's present unemployment, his obligation to support two minor children, and the substantial balances which he owes on his educational debt to USAF and Devry warrant a finding that the Debtor's circumstances present a temporary hardship. Nevertheless, the Court cannot conclude that the Debtor's present adverse financial situation is likely to persist. The Debtor has a solid academic background and demonstrated earning ability. Additionally, the Debtor has the potential for increased earning ability upon completing the requirements to become a Certified Public Accountant. Moreover, neither the Debtor nor his dependents have any health problems.

Furthermore, the Debtor, who filed a bankruptcy petition within six months of his graduation from Devry and whose educational debts represent a significant percentage of his total debts, has not demonstrated a good faith effort to repay his educational loans to Devry and USAF. *Cobb v. University of Toledo (In re Cobb),* 188 B.R. 22, 23–24 (Bankr.N.D.Ohio 1995) (citing cases). The Court further notes that, in reaffirming his prepetition debts to Sears and Beneficial, the Debtor voluntarily undertook an additional financial burden despite his preexisting debts to USAF and Devry.

Therefore, in view of the totality of the Debtor's present and prospective financial circumstances, the principal balance and the interest on the Debtor's student loans is nondischargeable. *See McLeod v. Diversified Collection Services (In re McLeod),* 176 B.R. 455, 458 (Bankr.N.D.Ohio 1994), *appeal dismissed,* Case No. 94–CV–7709 (N.D.Ohio July 6, 1995); *cf. Leeper v. Pennsylvania Higher Education Assistance Agency,* 49 F.3d 98, 100–05 (3rd Cir.1995) (finding that student loan lender could accrue postpetition interest on nondischargeable debt).

■ Lastly, the instant adversary complaint inexplicably lists Tina M. Smalley as a plaintiff, despite the fact that the Court's review of the promissory notes at issue in the instant adversary proceeding do not list TMS as a co-debtor. Thus, the Court finds that TMS, who was improperly listed as a plaintiff, should be dropped from this adversary. *Cavalear Ins. Agency, Inc. v. Rico (In re Rico),* 133 B.R. 880, 882 (Bankr.N.D.Ohio 1991).

In light of the foregoing, it is therefore

ORDERED that Tina M. Smalley be, and she hereby is, dismissed from the instant adversary proceeding. It is further

ORDERED that the Debtor's complaint be, and it hereby is, dismissed with prejudice. It is further

ORDERED that the Debtor's debts to Devry and USAF be, and they hereby are, excepted from discharge. It is further

ORDERED that USAF be, and it hereby is, granted judgment on its counterclaim

against the Debtor in the amount of $34,-096.35 plus interest at the contract rate.