In re Regina ROBBINS, Debtor.

Regina Robbins, Plaintiff,

v.

U.S. Dept. of Education, Defendant.

Nos. 99–3108, 99–30491.

United States Bankruptcy Court,
N.D. Ohio.

April 23, 2001.

Gordon R. Barry, Toledo, OH, Regina L. Robbins, Toledo, OH, for plaintiff.

Ralph J. Lewis, Toledo, OH, for defendant.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This case comes before the Court after a Trial on the Plaintiff's Complaint to determine the dischargeability of a student loan debt under 11 U.S.C. § 523(a)(8); and the Plaintiff's Complaint against the Defendant for damages for willfully violating the automatic stay in contravention to 11 U.S.C. § 362(h). Respectively these sections provide that:

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.]

**11 U.S.C. § 362. Automatic Stay**

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

At the Trial, the Plaintiff, who was not represented by legal counsel, was given the opportunity to support her respective legal positions. Thereafter, the Court, in accordance with Federal Rule of Evidence 614, examined the Plaintiff, after which time, the Defendant was given the opportunity to cross-examine the Plaintiff. After hearing the arguments presented by the Parties, and after considering all the evidence associated with this case, the Court comes to the following decisions with regards to the causes of action brought by the Plaintiff.

First, in accordance with the undue hardship standard set forth in § 523(a)(8), the Court cannot find that the Plaintiff has met her burden of proof thereunder.[1] The legal basis for this decision rests upon this Court's conclusion that the Plaintiff has not shown that the circumstances of her case comply with the second prong of the Brunner Test. This

---

1. Under § 523(a)(8), the Debtor bears the burden to prove undue hardship by a preponderance of the evidence. *See, e.g., Smalley v.*

*Devry Institute of Technology, Inc.,* 200 B.R. 318, 320 (Bankr.N.D.Ohio 1996).

test, which has been employed on numerous occasions by this Court and the Sixth Circuit Court of Appeals, provides that a student loan obligation will only be discharged if three elements are met: (1) the debtor cannot maintain, based upon current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) the debtor has made a good faith effort to repay the loans. *See Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir.1987); *Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman)*, 25 F.3d 356 (6th Cir.1994); *Tennessee Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433 (6th Cir.1998); *Brown v. Educ. Credit Management (In re Brown)*, 247 B.R. 228 (Bankr.N.D.Ohio 2000); *Fraley v. U.S. Dept. of Educ. (In re Fraley)*, 247 B.R. 417 (Bankr.N.D.Ohio 2000). The factual findings, upon which this Court bases its legal conclusion regarding the Plaintiff's noncompliance with the second prong of the Brunner Tests, are as follows:

> The Plaintiff is only thirty-eight (38) years of age, and from all appearance is in good health;
>
> the Plaintiff, although presently unemployed, is a licensed nurse (LPN) whose prospects of finding employment in this field in the near future are excellent. Along this line, the Court observes that the Plaintiff is an experienced nurse, having worked in the field for almost a decade;
>
> the Plaintiff, as a nurse, has recently earned well over Thirty Thousand Dollars ($30,000.00) per year;
>
> the Plaintiff's only dependent—a son—is now seventeen (17) years of age, and thus will soon be emancipated; and

the amount of the student loan debt at issue in this case, being just under Ten Thousand Dollars ($10,000.00), is relatively low.

 Notwithstanding this holding, the Sixth Circuit Court of Appeals has held that in the situation where a debtor is not otherwise entitled to receive an undue hardship discharge under § 523(a)(8), a bankruptcy court should still consider whether a debtor may be entitled to some of the benefits that bankruptcy brings in the form of relief from oppressive financial circumstances. (e.g., a partial discharge of the student loan obligation). *Tennessee Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 440 (6th Cir. 1998); *see also Grine v. Texas Guaranteed Student Loan Corp. (In re Grine)*, 254 B.R. 191, 198 (Bankr.N.D.Ohio 2000). As explained by the Sixth Circuit Court of Appeals: "In a student-loan discharge case where undue hardship does not exist, but where facts and circumstances require intervention in the financial burden on the debtor, an all-or-nothing treatment thwarts the purpose of the Bankruptcy Act." *Id.* at 439. The bankruptcy court's authority to partially discharge a student loan debt or otherwise provide for some other equitable remedy is found under § 105(a) of the Bankruptcy Code, which permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," so long as such an action is consistent with the Bankruptcy Act. *Id.* Nevertheless, not every debtor who seeks bankruptcy relief is entitled to receive a partial discharge of their student loan obligations, or otherwise have a bankruptcy court change the terms of their loan. Instead, in *Fraley v. U.S. Dep't of Educ. (In re Fraley)*, this Court, in applying the Sixth Circuit's holding in *In re Hornsby*, held that it would only invoke its equitable powers under § 105(a), so as to

partially discharge a student loan debt, if it found that the equities of the situation tip distinctly in favor of the debtor. 247 B.R. 417, 422 (Bankr.N.D.Ohio 2000). In this regard, the Court has noted that, "one who seeks equity must also do equity." *See Miller v. U.S. Dep't of Educ.,* 254 B.R. 200, 206 (Bankr.N.D.Ohio 2000).

█ In support of her compliance with this standard, the Debtor related to the Court that she has recently experienced a very difficult period in her life. For example, the Debtor testified that she has recently been experiencing emotional problems, which according to the Debtor, stem, in part, from the recent death of her mother and both grandparents. Further, according to the Debtor, these emotional problems recently resulted in her losing her job on account of absenteeism. The Debtor also asked the Court to consider the fact that she did not receive any tangible benefits from the student loans debts the Defendant now holds. In fact, the Debtor characterized her procurement of these student loans—which were used to attend Truck Driving School—as one of the biggest mistakes of her life.

After giving these matters careful consideration, however, the Court, while sympathizing with the recent difficulties the Debtor has encountered, is not persuaded that such considerations lend themselves to a finding that the Debtor is entitled to receive a partial discharge of her student loan debts. In coming to this conclusion, the Court observes that no evidence was introduced which would tend to show that the Debtor's emotional difficulties are anything more than temporary in nature. As a result, given that the evidence in this case clearly shows that the Debtor is capable of earning well over Thirty Thousand dollars ($30,000.00) per year, this Court is not convinced that the Debtor's hardship is more than the hardship experienced by most people in bankruptcy. As such, the equities in this case do not tip distinctly in the Debtor's favor, and thus the Debtor is not entitled to receive a partial discharge of her student loan obligations.

Turning now to the Plaintiff's second cause of action, the Plaintiff in her complaint alleged that the Defendant knowingly and willfully violated the automatic stay as set forth in 11 U.S.C. § 362(a). As a result, the Plaintiff seeks damages in accordance with paragraph (h) of § 362. The Plaintiff, however, at the Trial held on this matter offered no evidence to support this assertion; thus the Plaintiff's cause of action for the Defendant's alleged violation of § 362(a) will be Dismissed.

Accordingly, it is

***ORDERED*** that the student loan obligations of the Plaintiff, Regina Robbins, to the Defendant, U.S. Department of Education, be, and are hereby, determined to be nondischargeable debts in bankruptcy pursuant to 11 U.S.C. § 523(a)(8).

It is ***FURTHER ORDERED*** the Plaintiff's Complaint against the Defendant for violating the Automatic Stay provisions of 11 U.S.C. § 362(a), be, and is hereby, DISMISSED.