**In the Matter of Howard SIEBERT, Jr., Debtor.**

**Howard SIEBERT, Jr., Plaintiff,**

v.

**UNITED STATES GOVERNMENT DEPARTMENT OF HEALTH EDUCATION AND WELFARE, Defendant.**

Bankruptcy No. 1–80–2829.

Adv. No. 1–81–27.

United States Bankruptcy Court, S. D. Ohio, Western Division.

April 22, 1981.

Philip J. Blomer, Cincinnati, Ohio, for plaintiff Howard Siebert, Jr.

Cheryl Grant, Asst. U. S. Atty., Cincinnati, Ohio, for defendant U. S. Government, Dept. of Health, Ed. and Welfare.

ORDER DETERMINING DEBT OF UNITED STATES, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE TO BE DISCHARGEABLE.

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the complaint filed by the debtor, January 21, 1981, and amended complaint filed March 6, 1981 to determine the dischargeability of his student loan. The defendant, United States answered on March 19, 1981, and filed an amended answer and counterclaim April 2, 1981. Upon consideration of the evidence and testimony, the Court determines said debt to be dischargeable.

A student loan is non-dischargeable unless, pursuant to 11 U.S.C. § 523(a)(8)(B), it can be shown that exception from discharge will impose an undue hardship on the debtor and his dependents. Such is the case herein.

The Court finds that the debtor who is currently unemployed is the sole support for himself, his wife and two children, ages 4 and 8. Ordinary monthly expenses of the family ($650.00) for day to day living greatly exceed the debtor's monthly income received ($93.00 per week unemployment plus $173.00 per month food stamps).

The picture presented does not lead one to expect any change for the better in the foreseeable future. Debtor is unskilled and has a shaky employment history. His limited education (8th grade) renders his potential for work at this time improbable, and the potential for any kind of gainful work in the future unlikely. The revealing of such facts mold this case into one of "classic hardship". See *Matter of Diaz*, 5 B.R. 253 (Bkrtcy. W.D.New York, 1980). Requiring the payment of this obligation would most certainly result in undue hardship to the debtor and his family. See, *In Re Mitchell*, 2–80–0286, (E.D.Ohio, 1980).

Therefore, the debt owed to the United States Government, Department of Health, Education and Welfare in the amount of $1,733.42 is declared dischargeable.

SO ORDERED.