**In re William HOPKINS, IV, Debtor.**

**Bankruptcy No. 94–20519.**

United States Bankruptcy Court,
D. Maine.

Jan. 4, 1995.

Neil S. Shankman, Shankman & Associates, Lewiston, ME, for petitioning creditor.

Sidney F. Thaxter, Curtis, Thaxter, Stevens, Broder and Micoleau, Portland, ME, for debtor.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Before the Court is a motion by the Debtor to dismiss his involuntary bankruptcy proceeding because of an insufficient number of petitioning creditors. As discussed below, the motion is denied.

On May 2, 1991, the marriage of Debtor William Hopkins, IV, ("Hopkins") and creditor Linda Cady ("Cady") was dissolved by a judgment in Maine state court. Pursuant to this judgment, Hopkins was ordered to pay Cady $500 per week as alimony, and $500 per week as child support for the couple's three minor children (the "Children"): William Hopkins, Kevin Hopkins and Eileen Hopkins.[1] On July 6, 1994, Cady on behalf of herself and the Children filed an involuntary petition for bankruptcy against Hopkins. The petition listed four petitioning creditors; Cady and each of the three Children.

On October 12, 1994, Hopkins filed a motion to dismiss the involuntary petition. Hopkins maintains that because the Children do not hold judgments against Hopkins, they are ineligible to serve as petitioning creditors, and therefore, there are not the required three petitioning creditors needed to commence an involuntary case under 11 U.S.C. § 303(b)(1).[2] This Court disagrees with Hopkins. Under Section 303(b)(1) of the Bankruptcy Code, a party can be a petitioning creditor if that party holds a "claim" against the debtor. Pursuant to 11 U.S.C. § 101(5), one has a "claim" if one has "a right to payment." In the instant case, the Children whether through Cady, or through another third party, have a right to payment

---

1. The divorce judgment stated that "[t]he Defendant is ordered to pay to Plaintiff the sum of $500.00 per week, toward the support of the parties three (3) children: William K. Hopkins, V, ... Kevin P. Hopkins ... Eileen C. Hopkins ..." The parties agree, however, that the children were not named parties to the divorce action and do not hold any separate judgments against the Debtor.

2. Section 303(b)(1) states in pertinent part:

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

for their support from Hopkins. Because there are at least three petitioning creditors as required under 11 U.S.C. § 303(b)(1), Hopkins' motion to dismiss is denied. The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.