In re Randolph L. **COBB**, Debtor.

Randolph L. **COBB**, Plaintiff,

v.

The **UNIVERSITY OF TOLEDO**, et al., Defendants.

Bankruptcy No. 94–30683.
Adv. No. 94–3084.

United States Bankruptcy Court,
. N.D. Ohio,
Western Division.

Oct. 11, 1995.

Gordon Barry, Toledo, Ohio, for Plaintiff.

Barbara Machin, Toledo, Ohio, for University of Toledo.

John Dowling, Assistant Ohio Attorney General, Columbus, Ohio.

Matthew Thompson, Columbus, Ohio, for Ohio Student Aid Commission.

Ralph Lewis, Toledo, Ohio, for U.S. Department of Education.

## OPINION AND ORDER EXCEPTING DEBTS FROM DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Randolph L. Cobb's ("Debtor") complaint to determine dischargeability of his educational debts to the University of Toledo ("Toledo"), the Ohio Student Aid Commission ("OSAC") and the United States Department of Education ("USA") under 11 U.S.C. § 523(a)(8). Upon consideration of the evidence adduced at trial, the Court finds that the Debtor's complaint is not well taken and that the Debtor's debts to Toledo, OSAC and USA should be excepted from discharge.

### FACTS

The Debtor filed his petition under chapter 7 of title 11 in 1994.

The parties have stipulated that the only issue before the Court is whether the repayment of the Debtor's educational debts constitutes an "undue hardship".

The Debtor seeks to discharge his educational debts to OSAC, USA, and Toledo in the respective amounts of $18,051.33, $2,320.32 and $2,650.23. The Debtor testified that he had "no idea what [he] borrowed" from the Lenders prior to filing the instant chapter 7 petition.

The Debtor is 32 years old. His income for 1992, 1993 and 1994 approximated $17,000.00, $23,000.00, and $27,500.00, respectively.

The Debtor presently earns between $950.00 and $1,000.00 bi-weekly as a customer service representative for Heidtman Steel ("Heidtman"), where he has been employed since April, 1992. The Debtor also receives approximately $1,200.00 in yearly bonuses.

Although the Debtor was placed on medical disability in December, 1994 because of epileptic seizures, his condition apparently resulted from his failure to take his medication as prescribed. The Debtor testified that his medical condition does not prevent him from performing his present job duties.

Prior to his employment at Heidtman, the Debtor served as a manager at Ryan's Family Steakhouse where he earned a salary of $25,000.00 per year.

The Debtor pursued a degree in business administration at Toledo from 1986 through 1990, where he attained the status of a Junior. The Debtor previously attended Central State University from 1984 to 1985.

The Debtor made one payment to Toledo in the amount of $240 for accrued interest pursuant to a work-out agreement. The Debtor did not make any principal payments on his debt to Toledo. The Debtor's $50.00 payment on the OSAC loan in 1994 represented the only other payment which he has made on his educational loans.

Although the Debtor presently lives alone, he has incurred support obligations for three children, ages three, four and ten. The Debtor testified that his monthly support obligations for these three children approximate $320.00, $489.00 and $102.00, respectively. In addition, the Debtor testified that he makes court-ordered payments to the mother of his second child of $80.00 per month for birthing expenses which payments will continue for two years.

OSAC requested that the Court take judicial notice of the present federal poverty guidelines which indicate that the poverty level is $15,150.00 for a family of five. The Debtor did not object to this request.

### DISCUSSION
### BURDEN OF PROOF

The Debtor must establish that his educational loans represent an "undue hardship" by the preponderance of the evidence. *Healey v. Massachusetts Higher Educ. (In re Healey)*, 161 B.R. 389, 393 (E.D.Mich.1993); *see also Woodcock v. Chemical Bank NYSHESC (In re Woodcock)*, 45 F.3d 363, 367 (10th Cir.1995) ("[d]ebtor bears the burden of demonstrating undue hardship") (citing *In re Roberson*, 999 F.2d 1132, 1137 (7th Cir.1993)), *cert. denied,* — U.S. ——, 116 S.Ct. 97, 133 L.Ed.2d 52 (1995).

### WHETHER REPAYMENT OF THE DEBTOR'S EDUCATIONAL LOANS IMPOSES AN UNDUE HARDSHIP

The Debtor's educational loans undoubtedly impose a hardship on the Debtor. Nevertheless, the Court cannot conclude that such hardship is "undue". Therefore, the Debtor's educational loans should be excepted from discharge.

The Sixth Circuit has applied the three part test articulated in *Brunner v. New York State Higher Educ. Services Corp.* in determining whether a student loan obligation constitutes an "undue hardship". *See Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman)*, 25 F.3d 356, 359–60 (6th Cir.1994) (applying *Brunner* test); *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2nd Cir.1987) (per curiam) (debtor must prove "'(1) that the debtor cannot maintain based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans").

Initially, the Court finds that the Debtor's medical condition does not represent an undue hardship, because such condition does not prevent him from performing his present job duties. *See Daugherty v. First Tennessee Bank (In re Daugherty)*, 175 B.R. 953, 959 (Bankr.E.D.Tenn.1994) (finding that debtor's testimony as to prior medical expenses did not establish undue hardship because debtor's medical condition did not prevent him from performing job); *Sands v. United Student Aid Funds, Inc. (In re Sands)*, 166 B.R. 299, 310–11 (Bankr. W.D.Mich.1994) (finding that debtor failed to establish undue hardship despite testimony as to debtor's loss of vision in one eye and ulcers on his feet); *Ford v. Tennessee Student Assistance Corp. (In re Ford)*, 151 B.R. 135, 138–39 (Bankr.M.D.Tenn.1993) (finding absence of undue hardship, despite debtor's medical restrictions, where debtor placed undue restrictions on her ability to work).

Further, although the Debtor's present economic circumstances render him incapable of maintaining a minimal standard of living while repaying his educational loans, the Debtor has not carried his burden of demonstrating that such circumstances will persist for a substantial portion of the repayment period. *See Brunner*, 831 F.2d at 396 (finding student loan nondischargeable where "[t]he record demonstrat[ed] no 'additional circumstances' indicating a likelihood that [the debtor's] ... inability to find any work [would] extend for a significant portion of the loan repayment period" in a case where debtor was not disabled or elderly); *see also In re Roberson*, 999 F.2d 1132, 1137 (7th Cir. 1993) (loan excepted from discharge notwithstanding the fact that debtor had no income and $680.00 per month in expenses where evidence indicated that "the debtor's dire straits [were] only temporary"). Indeed, the Court notes that the Debtor's income increased by $10,000.00 between 1992 and 1994.

Finally, in view of the strong policy concerns embodied in § 523(a)(8), "it is proper to require a debtor to show that he or she has made good faith efforts to repay the loan and that the forces preventing repayment are truly beyond his or her reasonable control." *Brunner v. New York State Higher Education Services Corp. (In re Brunner)*, 46 B.R. 752, 756 (S.D.N.Y.1985) (citation omitted), *aff'd*, 831 F.2d 395 (2nd Cir.1987). The Debtor has failed to make such a showing. *See Harris v. Pennsylvania Higher Education Assistance Agency (In re Harris)*, 103 B.R. 79, 83 (Bankr.W.D.N.Y.1989) (finding educational debt nondischargeable where debtor, single mother of four with annual income of over $31,700.00, failed to make meaningful effort to repay loan); *Connor v. State of Michigan Dep't of Treasury (In re Connor)*, 83 B.R. 440, 444 (Bankr.E.D.Mich. 1988) (finding that debtor lacked good faith where debtor made no effort to repay educational loans during the time when she was gainfully employed); *see also In re Healey*, 161 B.R. at 397 (finding that debtor failed to establish good faith effort to repay educational loans where debtor only made two payments on educational loans totaling $174 and did not seek to negotiate a payment arrangement with lender); *In re Daugherty*, 175 B.R. at 960 (finding that debtor's failure to make any efforts to repay loan after obtaining deferments for over six years evidenced bad faith). To be sure, a debtor's failure to repay a substantial portion of a student loan does not, per se, evidence a lack of good faith. Nonetheless, in the instant bankruptcy case the Debtor's educational loans represent over 50% of his total debt. The Debtor has not convinced the Court that his failure to make a meaningful effort to repay his educational loans resulted from forces beyond his control. Here, as in *In re Harris*, "it appears that the debtor considered [his educational loans] a convenience but resented the attendant inconvenience of repaying them". *In re Harris*, 103 B.R. at 83.

In light of the foregoing, it is therefore

ORDERED that the Debtor's educational debts to Toledo, OSAC and USA be, and they hereby are, excepted from discharge.