FILED

MAR 29 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-12-1086-PaKiTa |
| | ) |
| ROBERT GELB, | ) Bankr. No. SA 11-24761-TA |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| JULIA GELB, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| UNITED STATES TRUSTEE;[2] | ) |
| ROBERT GELB, | ) |
| | ) |
| Appellees. | ) |
| _____ | ) |

Submitted Without Oral Argument
on March 22, 2013[3]

Filed - March 29, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

Appearances:    Appellant Julia Gelb pro se on brief; Appellee
Robert Gelb pro se on brief.

Before: PAPPAS, KIRSCHER and TAYLOR, Bankruptcy Judges.

_____

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]  The United States Trustee did not participate in this appeal.

[3]  After examination of the briefs and record, and after notice to the parties, the Panel unanimously determined that oral argument was not needed in an order entered October 16, 2012. Fed. R. Bankr. P. 8012.

-1-

Appellant Julia Gelb ("Appellant") appeals the decision of the bankruptcy court to dismiss the involuntary chapter 7[4] petition she filed against her ex-husband and alleged debtor, Robert Gelb ("Appellee"). She also appeals the bankruptcy court's order denying Appellant's motion to vacate the prior order dismissing the involuntary case. We AFFIRM.

**FACTS**

Appellant and Appellee were married. They have two minor children. Appellant commenced an action for a divorce sometime in 2008 in the Superior Court of California for the County of Orange.[5] An order entered by that court in July 2009, labeled "Stipulation and Order: For Judgment (Partial)" ("Divorce Order"), adopts the parties' agreement as to spousal support, child support and visitation, and their agreements as to the division of marital property. The Divorce Order, which is handwritten and somewhat

---

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. Civil Rule references are to the Federal Rules of Civil Procedure 1-86.

[5] It is clear from the record that the divorce has been less than amicable. Appellant was chastised in a lengthy order by the state court for her litigation tactics. The court observed,

> [u]nfortunately, [Appellant] has demonstrated that she will continue her use of the litigation process until she achieves her goal. Her misuse of the legal process, her inaccurate accusations of being mistreated by judicial decisions, and most significantly her refusal to stop the litigation battle and allow the children to enjoy a season of stability and peace between their parents must end.

Order, Marriage of Gelb, Case No. 08D011558, May 22, 2012 at 5-6.

-2-

difficult to decipher, requires Appellee to pay child support,[6] provides that the "Cypress Equipment fund" shall be "split equally" between the parties, and that Appellee "shall assume responsibility for credit card debt of approx. 80k to Novadebt . . . ."[7]

Based upon Appellee's alleged obligation to assume and pay the credit card debt, and his ongoing obligation to pay child support for his two minor children,[8] Appellant, as a petitioning creditor, filed an involuntary chapter 7 petition on October 24, 2011, naming Appellee as the alleged debtor, and listing the parties' two minor children as co-petitioners. The involuntary petition is not signed and, in the space provided for the co-petitioning creditors, Appellant listed the children's names "by

---

[6] The Divorce Order states Appellee's child support obligation as $2,177 per month, but the petition says $4,000 a month per child is owed. Nevertheless, there is no indication that Appellee is behind on his support payments to Appellant or their children. Appellant only argues that Appellee owes the amount on a continuing basis.

[7] Appellant assists in determining the content of this handwritten provision in the cover page to Exhibit A to the involuntary petition. There, she alleges the order provides that "Robert Gelb 'shall assume $80,000.00 to Novadebt' which non-contingent, liquidated amount remains unpaid to date."

[8] We express no opinion regarding whether Appellee's obligations under the Divorce Order relied upon by Appellant as the basis for the involuntary petition would, indeed, constitute "claims" for purposes of § 303(b)(1) (requiring that petitioning creditors hold claims against alleged debtor that are not contingent as to liability or the subject of bona fide dispute as to liability or amount). Even if that were so, in order to obtain relief on the involuntary petition over Appellee's objection, Appellant would also have to prove that Appellee was "generally not paying [his] debts as such debts become due . . . ." § 303(h)(I). Appellee argued vehemently to the bankruptcy court at the hearings that he was in compliance on all his obligations under the Divorce Order.

-3-

Julia Gelb."

On November 8, 2011, acting <u>sua</u> <u>sponte</u>, the bankruptcy court entered an order to show cause directed to Appellant requiring her to appear and show cause why the involuntary petition should not be dismissed. The hearing on the show cause order was held on December 6, 2011, at which time both Appellant and Appellee appeared <u>pro</u> <u>se</u>. At the hearing, the bankruptcy court began by identifying what it perceived to be two issues with the involuntary petition: (1) whether the minor children could act as co-petitioners without the appearance on their behalf of a guardian <u>ad</u> <u>litem</u>; and (2) whether the involuntary petition was, in reality, Appellant's attempt to relitigate issues from the divorce proceedings. In response to the court's comments, Appellant stated,

> What I was really hoping to achieve with [the involuntary bankruptcy petition] is to declare the action of Judge Clay Smith null and void, specifically in the action that he took on October 25th, where clearly – and November 2nd where he clearly went ahead and started to divide the largest community asset, namely . . . Cypress Equipment fund. He went ahead and – without completely taking a look at the entire financial picture, he went ahead and touched that, even though I have - based on bankruptcy, I have [the] automatic stay in place. So, because of that I have a problem.

Hr'g Tr. 2:13-3:19, Dec. 6, 2011

Appellee then pointed out to the bankruptcy court the division of the "Cypress Equipment fund" was agreed to in the Divorce Order entered in July 2009.

The bankruptcy court repeated its concerns about the legal status of the children as petitioning creditors, and its belief that the bankruptcy case was initiated for an improper purpose,

-4-

and concluded that the petition should be dismissed. The bankruptcy court memorialized this conclusion in an order entered December 28, 2011, that stated "[i]t is appearing that this case is not the proper forum. The dissolution is a state court issue. Minors cannot be parties without guardian ad litems."

On January 11, 2012, Appellant filed a motion to vacate the bankruptcy court's dismissal order. A hearing was conducted by the court concerning the motion on February 7, 2012, at which time the parties again appeared.[9] The bankruptcy court again explained its concerns as noted at the hearing on the show cause order, and provided Appellant an opportunity to argue her motion. After considering Appellant's arguments, the bankruptcy court denied Appellant's motion to vacate because, in the court's judgment, it was improper for the parties' minor children to appear as co-petitioning creditors without an appointed guardian ad litem to represent their interests, and because the bankruptcy proceeding was not the proper forum to resolve Appellant's issues with the orders of the state court. In the process of announcing its decision, the court stated, "I'm going to abstain . . . I have the power to abstain sua sponte." Hr'g Tr. 10:14-15, Feb. 7, 2012.

Appellant filed a timely notice of appeal on February 13, 2012, challenging both the order dismissing the involuntary bankruptcy petition and the order denying her motion to vacate the

---

[9] At the hearing on Appellant's motion to vacate the bankruptcy court's order dismissing the involuntary case an attorney appeared and addressed the court concerning the interests of the parties' children. The attorney did not formally appear on behalf of children, nor was there any indication that she had been appointed to serve as their guardian ad litem. The attorney stated that she appeared at the behest of the children's rabbi, but she did not file an appearance on behalf of the children.

-5-

dismissal.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether the bankruptcy court erred in dismissing the involuntary chapter 7 petition.

Whether the bankruptcy court erred in denying the motion to vacate that order.

**STANDARD OF REVIEW**

The bankruptcy court's determination that the unrepresented minors lack standing to be co-petitioners in an involuntary bankruptcy case is a question of law, reviewed de novo. Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); United States v. Rodriquez-Sanchez, 23 F.3d 1488, 1494 (9th Cir. 1994); Franklin v. Four Media Co. (In re Mike Hammer Prod., Inc.), 294 B.R. 752, 753 (9th Cir. BAP 2003).

Whether the bankruptcy court should abstain and dismiss a bankruptcy petition under § 305(a) presents a mixed question of law and fact, reviewed de novo. Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc), 370 B.R. 236, 245 (9th Cir. BAP 2007); Barnett v. Edwards (In re Edwards), 214 B.R. 613, 618 (9th Cir. BAP 1997); Eastman v. Eastman (In re Eastman), 188 B.R. 621, 624 (9th Cir. BAP 1995).

Finally, the bankruptcy court's denial of the motion to vacate its prior order is reviewed for abuse of discretion. United States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011) (citing Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d

-6-

1164, 1166 (9th Cir. 1998); Nat. Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d 762, 765 (9th Cir. 1989)).

**DISCUSSION**

Appellant argues the bankruptcy court erred by dismissing the involuntary bankruptcy petition, and denying Appellant's motion to vacate the order of dismissal, because: (1) as explained in In re Hopkins, 177 B.R. 1 (Bankr. D. Me. 1995), minor children have standing to be co-petitioners in an involuntary petition; (2) the bankruptcy court did not appoint a guardian ad litem for the children; (3) Appellee did not file any response to the involuntary bankruptcy petition, and thus relief should have been granted by the bankruptcy court; and (4) the bankruptcy court should have recognized that "the purpose of [the involuntary petition was] to take the estate out of the hands of the debtor [and] an extremely biased California State Judge." Appellant's Br. at 17.[10] For the reasons that follow, we conclude that all of these arguments lack merit.

**I. Applicable Law**

**A. Standing of Minors in the Ninth Circuit**

It is settled in the Ninth Circuit that a non-lawyer "has no authority to appear as an attorney for others than [herself]." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Further, neither a guardian ad litem nor a parent may "bring an action on behalf of a minor child without retaining a

---

[10] Appellant does not stop with these issues in her brief. For example, she argues at great length that the state court judge violated the automatic stay in dividing the marital estate. However, the bankruptcy court made no findings on this issue and it is not before us on appeal.

lawyer." Johns, 114 F.3d at 876. In so holding, the Ninth Circuit joined the Second, Third, and Tenth Circuits in adopting this rule as articulated by the Third Circuit:

> A litigant in federal court has a right to act as his or her own counsel. See 28 U.S.C. § 1654 (1982) . . . . However, we agree with Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear pro se is not a true choice for minors who under state law, see Fed. R. Civ. P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

Id. at 876-77 (quoting Osei-Afriyie v. Med. Coll., 937 F.2d 876, 882-83 (3d Cir. 1991) (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2d Cir. 1990)); see also Jie Lin v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004) (restating this standard).

Even if Johns did not prohibit the children from appearing in this federal bankruptcy case without a lawyer, in California, "a minor who is a party in a lawsuit must appear by guardian ad litem appointed by the court in which the action or proceeding is pending." Williams v. Superior Court, 147 Cal. App. 4th 36, 47, 54 Cal. Rptr. 3d 13, 20-21 (2007) (citing Cal. Code Civ. Proc., § 372(a)) (internal quotes omitted). Therefore, absent both a lawyer and a guardian ad litem, the children could not join the

-8-

involuntary petition.[11]

**B.    Involuntary Petitions Under § 303(b)**

Section 303(b)[12] sets forth the requirements for an involuntary bankruptcy petition.  "We have previously held that, '[a]n involuntary petition that is sufficient on its face and which contains the essential allegations invokes the subject matter jurisdiction of the bankruptcy court.'"  Marciano v. Fahs (In re Marciano), 459 B.R. 27, 39 (9th Cir. BAP 2011) aff'd 708 F.3d 1123 (9th Cir. 2013) (quoting Wechsler, 370 B.R. at 246). The corollary to this rule is that an involuntary petition, insufficient on its face and missing essential allegations,

---

[11]   The need for an independent guardian for the children is highlighted in this context where, according to the Divorce Order, custody of the children is jointly shared by Appellant and Appellee.

[12]   Section 303(b) provides:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $14,425 of such claims[.]

requires further scrutiny from the bankruptcy court. See, e.g., In re Mi La Sul, 380 B.R. 546 (Bankr. C.D. Cal. 2007).

**C.   Abstention Under § 305(a)**

Section 305(a) provides that: "(a) The [bankruptcy] court, after notice and hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal or suspension . . . ."  Therefore, even if an involuntary petition satisfies the minimal requirements of  § 303(b), the bankruptcy court may exercise its discretion to nonetheless dismiss the petition, or suspend the bankruptcy proceedings, for the reasons identified in § 305(a). In re Marciano, 459 B.R. at 45; Macke Int'l Trade, 370 B.R. at 247; Barnett v. Edwards (In re Edwards), 214 B.R. 613, 620 (9th Cir. BAP 1997).[13]

There are seven factors the bankruptcy court may consider to determine whether dismissal or suspension under § 305(a) is appropriate. In re Marciano, 459 B.R. at 45.  The bankruptcy court "must make specific and substantiated findings" based upon these factors and conclude that the interests of the creditors and the debtor will be better served by dismissal or suspension. Id. (quoting Macke Int'l Trade, 370 B.R. at 247)).  Those factors are:

> (1)   the   economy   and   efficiency   of
> administration; (2) whether another forum is

[13]  A bankruptcy court's decision to abstain under § 305(a) is subject to review by a bankruptcy appellate panel, notwithstanding the limitation of appellate review found under § 305(c). See In re Eastman, 188 B.R. at 624 (stating, "[section 305(c) does not prohibit or restrict appeals to the Panel or the district court, but only further appeals to the circuit courts of appeal and the United States Supreme Court.").

-10-

available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.[14]

In re Marciano, 459 B.R. at 45 (citing In re Monitor Single Lift I, Ltd. 381 B.R. 455, 464-65 (Bankr. S.D.N.Y. 2008)).

### D. Motion to Vacate: Civil Rule 60(b)

Civil Rule 60(b),[15] incorporated in bankruptcy proceedings by

---

[14] Notably, § 305 and the case law interpreting this provision resembles the doctrine of forum non conveniens. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947) (stating even if subject matter jurisdiction lies, a court "may resist imposition upon its jurisdiction" under the principle of forum non conveniens). "Dismissal may be warranted [under this principle] where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981).

[15] Federal Rule of Civil Procedure 60(b) states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic

(continued...)

-11-

Rule 9024, provides reasons a court may relieve a party from a final order or judgment.  Most applicable in this case are Civil Rule 60(b)(1), which grants relief from a final order or judgment if there was a "mistake, inadvertence, surprise or excusable neglect," and Civil Rule 60(b)(6), which is the catch-all provision of the rule that grants relief for "any other reason that justifies relief."  Civil Rule 60(b)(6) is to be used sparingly to prevent manifest injustice, and only granted if there is a showing by the movant of "extraordinary circumstances." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

**II.  Analysis and Disposition**

Measuring the bankruptcy court's orders under these standards, it is clear that its decisions to dismiss the involuntary petition, and declining to reconsider the dismissal, should be affirmed.

**A.   The Bankruptcy Court Did Not Err in Determining that the Minor Children Lacked Standing to be Co-Petitioners**

Examining the bankruptcy court's decision regarding the standing of the parties' de novo, we conclude no error was committed.

---

[15](...continued)
or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

-12-

The Ninth Circuit settled this issue in <u>Johns</u> and in <u>Jie Lin</u> wherein the court held that neither a guardian <u>ad</u> <u>litem</u> nor a parent may "bring an action on behalf of a minor child without retaining a lawyer." <u>Johns</u>, 114 F.3d at 876. In this case, Appellant, acting <u>pro</u> <u>se</u>, filed the involuntary petition, not only on her own behalf, but also on behalf of her children. While Appellant surely could represent herself in this proceeding, it is equally clear that she could not represent her minor children.

Further, as noted above, that the bankruptcy court declined to appoint a guardian <u>ad</u> <u>litem</u> for the children is of no moment under these facts. A guardian would also not have the legal right to join in a petition without counsel under <u>Johns</u>. Here, the children had no attorney – they were represented "by Julia Gelb." The bankruptcy court did not err when it dismissed the involuntary petition under these circumstances.

Moreover, to the extent that the bankruptcy court in <u>In re Hopkins</u>, 177 B.R. 1 (Bankr. D. Me. 1995) has explained the law in the District of Maine as to standing of minors in involuntary bankruptcy cases, it is inconsistent with the law of the Ninth Circuit as announced in <u>Johns</u> and <u>Jie Lin</u>.

**B.    The Bankruptcy Court Did Not Err in Declining to Grant Relief on the Defective Involuntary Petition**

Contrary to Appellant's contention, the bankruptcy court did not abuse its discretion by failing to grant relief based upon the facially deficient involuntary petition. As the Panel has explained, only a sufficient involuntary petition containing all the essential allegations properly invokes the jurisdiction of the bankruptcy court. <u>In re Marciano</u>, 459 B.R. at 39. In this case,

-13-

the bankruptcy court determined that Appellant's involuntary petition had glaring potential defects – it was not signed, and it was purportedly joined by the parties' unrepresented minor children as co-petitioning creditors. On this record, it was not an abuse of discretion for the bankruptcy court, even in the absence of an objection by Appellee, to require Appellant to show cause why the petition should not be dismissed, or to decline to grant relief based upon the insufficient involuntary petition.

### C. The Bankruptcy Court Did Not Err in Dismissing the Involuntary Petition Under § 305(a)

A bankruptcy court's dismissal of an involuntary case on the basis of § 305(a) is reviewed de novo. Even if the involuntary petition was otherwise adequate under § 303(b), the bankruptcy court had the authority to abstain and dismiss the case pursuant to § 305(a). Here, the seven factors to be considered before dismissing a case under § 305(a), articulated in In re Marciano, weigh in favor of dismissal of this case.

As the bankruptcy court noted at the hearing on the motion to vacate its dismissal order, the state court had already entered an order dividing the marital estate. The result of this fact is the first four factors discussed in In re Marciano, as well as factor six, all cut in favor of dismissal. Under these circumstances, the administration of the bankruptcy case would be strained and inefficient because the state court had already divided the assets. There was also no identifiable need for a federal court's intervention in this domestic relations dispute. The distribution of the parties' assets had already taken place under the terms of an order issued by a court familiar with this case and this type

-14-

of distribution. Finally, as the bankruptcy court noted at the hearing on the motion to vacate, Appellant was attempting to use the involuntary bankruptcy process to circumvent the judgment from the state court, and that was not an appropriate use of the bankruptcy process.

Consistent with the factors in In re Marciano, the bankruptcy court did not err when it determined that it would dismiss the case in favor of the parties' participation in the pending state court case.[16]

**D.     The Bankruptcy Court Did Not Err in Denying the Motion to Vacate its Prior Order**

Finally, in examining the bankruptcy court's denial of the motion to vacate its prior judgment for abuse of discretion, we find no error was committed.

Appellant raised no new argument at the hearing on the motion to vacate nor did Appellant point out any mistake, inadvertence, surprise, or excusable neglect. Therefore, the bankruptcy court's denial of the motion to vacate its prior order was not an abuse of discretion as to Civil Rule 60(b)(1). Further, pursuant to Civil

---

[16] Other courts have reached similar results. For example, in one, the alleged debtor's ex-spouse filed an involuntary petition against him after a "bitter domestic contest between feuding spouses." In re Evans, 8 B.R. 568, 569 (Bankr. M.D. Fla. 1981). The bankruptcy court dismissed the involuntary petition because the petition lacked a sufficient number of petitioning creditors. Id. However, the bankruptcy court further stated that even had the petition been adequate under § 303, it would abstain under § 305(a) because it was "evident that this is not really a bona fide insolvency proceeding initiated by bon[a] fide creditors and the rights of the parties can and should be adjudicated by the State Court." Id. The court observed that the petition was an attempt to utilize the favorable law, "to invoke the protection of . . . [§] 362 of the Bankruptcy Code under the mistaken assumption that the automatic stay would somehow prevent [the operation of the domestic court's prior order.]" Id.

-15-

Rule 60(b)(6), Appellant raised no "extraordinary circumstances" that would have justified relief under Civil Rule 60(b)(6). The bankruptcy court therefore committed no abuse of discretion in denying Appellant's motion to vacate its prior order under this rule either.

## CONCLUSION

The bankruptcy court did not err when it dismissed the involuntary bankruptcy petition, or when it denied the motion to vacate its prior order dismissing the involuntary petition. We AFFIRM the orders of bankruptcy court.